UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE A. DEUSCHEL, | No. 2:20-cv-00661 KJM AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and HUNT & HENRIQUES, | |
| Defendants. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendant Hunt & Henriques seeks dismissal of plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, on the grounds that this case is barred by the <u>Rooker-Feldman</u> doctrine.  ECF No. 21 at 6.

**I. BACKGROUND**

A.   <u>The Complaint</u>

Plaintiff Laurie A. Deuschel's complaint against defendant Portfolio Recovery Associates, LLC ("Portfolio") and the law firm Hunt & Henriques, Attorneys at Law is based on violations (1) the California Fair Credit Reporting Act, and (2) the federal and state Fair Debt Collection Practices Acts.  ECF No. 1 at 1-2.  Plaintiff alleges defendant Portfolio is a foreign debt collector

located in Norfolk, Virginia, and defendant Hunt & Henriques conducts work for Portfolio in the State of California.  Id.  Plaintiff was the holder of an HSBC Bank (Sears) credit card, Capital One Bank (Capital One) credit card, and a GE Capital Retail Bank (Chevron) credit card.  Id. at 2.  According to the complaint, on or about August 21, 2013, defendant Portfolio initiated a civil case against plaintiff in Placer County Superior Court regarding her Sears card, seeking $1,633.82 in damages.  Id. at 3.  Portfolio was represented by Hunt & Henriques.  Id.  In that case, plaintiff argued that insufficient proof was produced, but the Placer County Court nonetheless entered judgment against plaintiff in the amount of $1,761.13 ("Judgment").  Id.  The Judgment was recorded against plaintiff's real property on August 28, 2014.  Id.

In October of 2016, plaintiff applied for a mortgage loan to pay the Judgment and remove the lien from plaintiff's real property.  Id.  In November of 2016, plaintiff received a Statement of Credit Denial due to defendant Portfolio's information that it maintained on her credit report as an "open collections account."  Id. at 4.  Plaintiff alleges that "on or about July 1, 2017, the credit reporting bureaus reached an agreement with 31 states, including California, that all judgments would not be included within individuals' credit reports."  Id.  On August 23, 2017, Portfolio sent plaintiff an "Account Offer" stating that because of the age of her debt, plaintiff would not be sued for it, but so long as the debt is unpaid Portfolio may continue reporting it to credit reporting agencies for as long as the law permits this reporting.  Id.

On or about March 30, 2018, plaintiff learned that Portfolio inaccurately reported the Judgment and her other two credit card accounts as "placed in collection" and "status – in collection."  Plaintiff filed a complaint with the credit reporting agencies.  On April 25, 2018, the two credit card accounts were removed from her credit report and Portfolio confirmed a zero balance.  Id.  As of April 26, 2018, Portfolio was still maintaining the Judgment as an "open collection account" on plaintiff's credit report.  Id. at 5.  On March 27, 2019, plaintiff reviewed her credit report and discovered that the Judgment had been removed.  Id.

On March 17, 2020, plaintiff contacted Portfolio, which referred the matter to Hunt & Henriques.  Id.  Plaintiff demanded Hunt & Henriques file an Acknowledgment of Satisfaction of Judgment with Placer County Superior Court within 15 days and pay her $15,000.00 to

compensate her for damages to her real property due to her inability to obtain a loan when she applied for one.  Id.  Defendants did not comply with her demand.  Id. at 6.  Plaintiff filed this lawsuit on March 27, 2020.  ECF No. 1.

## II. ANALYSIS

### A. Legal Standards Governing Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

### B. Plaintiff's Complaint is Not Barred by the *Rooker-Feldman* Doctrine

Defendant Hunt & Henriques argues that this court lacks jurisdiction because the case is barred by the Rooker-Feldman doctrine.[1]  It argues that the Rooker-Feldman doctrine applies because even though plaintiff has not paid the state court Judgment, she is demanding that defendants acknowledge satisfaction of the judgment and pay her damages because of the existence of the judgment.  ECF No. 21 at 6.  Plaintiff filed a brief in opposition contending that the Rooker-Feldman doctrine does not apply to the statutes that form the bases of her case, the California Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  ECF No. 24.

The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  It prohibits federal

---

[1] See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a "forbidden de facto appeal" of a state court judicial decision.  Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003).  If it does not, "the Rooker-Feldman inquiry ends."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).  If the court determines that the action amounts to a forbidden appeal, however, the court cannot hear the de facto appeal portion of the case—and, as part of that refusal, must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision.  Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis.").  A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  Noel, 341 F.3d at 1163.

   While the court disagrees with plaintiff's assertion that the Rooker-Feldman doctrine is categorically inapplicable to certain types of claims, the court also finds that defendant mischaracterizes plaintiff's complaint in an attempt to bring it within the scope of Rooker-Feldman.  A review of plaintiff's complaint makes clear that she is not challenging the state court Judgment per se.  Plaintiff does not ask this court to review, strike, void, or modify the state court Judgment in any way.  Nor is plaintiff, as defendant argues, seeking "actual damages for the existence of a state court judgment and abstract of that judgment." ECF No. 21 at 11.  Instead, plaintiff asks the court to find that defendants committed illegal acts in attempting *to collect* on the Judgment and in reporting it to credit bureaus. ECF No. 1 at 6-12.  Nothing in the complaint attempts to subvert the state court judgment; even demanding that defendants file a satisfaction of judgment is not an appeal of or challenge to the Judgment itself.  See ECF No. 1 at 12.  There is no forbidden de facto appeal here.

### III.  CONCLUSION

Accordingly, the undersigned recommends that defendant's motion to dismiss (ECF No. 21) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE